# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3969

_____

United States of America,          *
                                        *

           Appellee,        *
                                        *   Appeal from the United States
   v.                        *   District Court for the
                                        *   Western District of Missouri

Eddie P. Roberts,            *
                                        *      [UNPUBLISHED]

          Appellant.      *

_____

Submitted:   September 9, 2002

Filed: September 23, 2002

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MELLOY, Circuit Judges.

_____

PER CURIAM.

      Eddie P. Roberts appeals from a final judgment entered in the United States District Court[1] for the Western District of Missouri sentencing him to 108 months imprisonment, three years supervised release, and a special assessment of $100 for committing a bank robbery.  United States v. Roberts, No. 99-00099-02-CR-W-4 (W.D. Mo. Dec. 14, 2001) (judgment).  The sentence from which Roberts appeals was imposed after this court remanded the case for resentencing in an earlier appeal.  See

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

United States v. Roberts, 253 F.3d 1131 (8th Cir. 2001) (affirming in part and reversing in part). Now, for reversal, Roberts argues that the district court erred in applying a five-level sentencing enhancement pursuant to U.S.S.G. §§ 1B1.3(a)(1)(B) (relevant conduct includes all reasonably foreseeable acts and omissions of others in furtherance of jointly undertaken criminal activity) and 2B3.1(b)(2)(C) (5-level increase if a firearm was brandished or possessed), based upon the fact that Carl F. Mitchell, with whom Roberts committed the bank robbery, possessed a gun while the two were attempting to escape from the police after the bank robbery. We now affirm the judgment of the district court.

Jurisdiction was proper in the district court based upon 18 U.S.C. § 3231. Jurisdiction is proper in this court based upon 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(b).

The underlying facts are stated in detail in our prior panel decision, United States v. Roberts, 253 F.3d at 1132-33. The following is a brief summary of the background. After being released from prison for 1992 bank robberies, Roberts became reacquainted with Mitchell, whom he knew from childhood, and they decided to rob a bank together. On May 4, 1999, they executed a plan to rob a bank in Kansas City, Missouri. Roberts stayed in the getaway car while Mitchell went inside the bank. Mitchell held up a teller by pretending to have a gun, and then the two fled in the car driven by Roberts. While being chased by a police car, Mitchell jumped out of the getaway car, taking with him the money and a gun which – unbeknownst to Roberts – Mitchell had secreted in the glove box before they left for the bank. While being chased on foot, Mitchell discarded the money and the gun. Mitchell was caught, and both the money and the gun were recovered by the police. Roberts was captured shortly thereafter.

Roberts was tried for the bank robbery and found guilty by a jury. (Mitchell pled guilty and testified against Roberts.) Roberts was originally sentenced to 112

months imprisonment, three years supervised release, and a special assessment of $100. In his first direct appeal, Roberts challenged both his conviction and his sentence. We affirmed his conviction, but reversed and remanded the case with instructions for resentencing. See id. at 1137 (instructing the district court as to the findings required to impose the five-level enhancement under U.S.S.G. §§ 2B3.1(b)(2)(C) and 1B1.3(a)(1)(B)).

At the resentencing hearing, the parties stipulated to the following facts:

1. Roberts told Mitchell not to use the gun because it would result in a stiffer sentence.

2. Mitchell never told Roberts he had a gun and never showed it to him. Roberts first saw the gun when Mitchell took it from the glovebox of the car during the escape phase.

3. Mitchell put the gun in the glovebox of the car without Roberts' knowledge, prior to going to the bank.

4. Mitchell told the teller: "I want the money and I do have a gun."

5. During the escape from the bank, Roberts pulled over and Mitchell jumped out, removing the gun from the glovebox and taking the money. He discarded both as he ran.

See Resentencing Tr. at 3-4.

The district court again imposed the five-level enhancement based upon Mitchell's possession of the gun and, following our instructions, included the requisite findings in its statement of reasons. See Resentencing Tr. at 8-11. In the present appeal, Roberts argues that the district court clearly erred in finding that Mitchell's possession of the gun was reasonably foreseeable to him. He argues:

-3-

The undisputed facts were that Roberts, an experienced bank robber, told Mitchell not to take a gun in the bank. Mitchell followed Roberts' directives on all other matters. Roberts told Mitchell to rob a bank close to the highway and to always ask for money in the second drawer. Why would Roberts assume that Mitchell would follow all of his advice except for that involving the gun?

Brief for Appellant at 8 (citations omitted).

According to Roberts himself, he told Mitchell not to take a gun *in the bank*. There is no evidence, however, that Roberts ever specifically told Mitchell not to put a gun in the car. In all likelihood, it probably never occurred to either Roberts or Mitchell that possession of a gun in the getaway car could ultimately have the same sentencing consequences as possession of a gun during the actual bank robbery. Therefore, notwithstanding Roberts' warning to Mitchell not to use the gun because it would result in a stiffer sentence, Roberts reasonably could have foreseen that Mitchell would stash a gun in the getaway car and thus would have it during their attempted escape. In sum, although we do not precisely agree with the district court's whole line of reasoning, we cannot say that the district court clearly erred in ultimately finding that Mitchell's possession of the gun was reasonably foreseeable to Roberts.

The judgment of the district court is affirmed. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-