# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3844

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Edgardo Torres-Alvarado, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 9, 2005
Filed: August 5, 2005

_____

Before LOKEN, Chief Judge, BEAM and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

In this criminal appeal, Edgardo Torres-Alvarado ("Torres-Alvarado") argues that he was sentenced in violation of the Sixth Amendment because the judge, not the jury, found beyond a reasonable doubt that his prior drug conviction was an aggravated felony or drug trafficking offense. We disagree and affirm.

## I. *Background*

Torres-Alvarado was indicted and charged in the United States District Court for the Western District of Arkansas, Fort Smith Division,[1] with illegal re-entry into the United States after deportation for an aggravated felony in violation of 8 U.S.C. §§ 1326(a) & (b)(2). Specifically, the one-count indictment charged that:

> On or about the 15th day of March, 2004, in the Western District of Arkansas, Fort Smith Division, the defendant, **EDGARDO TORRES-ALVARADO, a/k/a/ Edgardo Alvarado,** an alien who had previously been convicted of Possession for Sale of Cocaine Base, in the Superior Court of California, in and for the County of Los Angeles, an aggravated felony, and thereafter was arrested and deported from the United States pursuant to law, knowingly and unlawfully was found in the United States in the Western District of Arkansas, Fort Smith Division, the said defendant having not obtained the consent of the Attorney General of the United States or his successor, pursuant to 6 U.S.C. §§ 202(3) and (40) and [6 U.S.C. §] 557, for reapplication by the defendant for admission into the United States, in violation of Title 8 U.S.C. §§ 1326(a) and (b)(2).

Torres-Alvarado pled guilty to the allegations contained in the one-count indictment. At sentencing, the government sought an increase in offense level based on U.S.S.G. § 2L1.2(b)(1)(B), which allows a 12-point enhancement "[i]f the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony drug trafficking offense."[2] Torres-Alvarado objected to the enhancement and

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

[2]In his brief, Torres-Alvarado argues that he erroneously received a 12-point enhancement for an aggravated felony under § 2L1.2(b)(1)(A). The Presentence Investigation Report recommended a 12-point enhancement for a felony drug trafficking offense under § 2L1.2(b)(1)(B). Section 2L1.2(b)(1)(A) does not provide an enhancement based on an aggravated felony conviction; § 2L1.2(b)(1)(C) does,

argued that the prior felony conviction for possession of cocaine base that was contained in the indictment was not admitted or proved to a jury beyond a reasonable doubt. The district court overruled the objection and sentenced Torres-Alvarado to 37 months' imprisonment.

## II. *Discussion*

Torres-Alvarado argues on appeal, as he did in the district court, that because of *Blakely v. Washington*, 542 U.S. 296 (2004), the jury, not the judge, should have determined whether his prior felony conviction was a drug trafficking offense or an aggravated felony. When Torres-Alvarado was sentenced, the United States Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), was pending and it was unclear whether and to what extent *Blakely* would apply to the United States Sentencing Guidelines. The applicability of *Blakely* to the Guidelines is now no longer in question. In *Booker*, the Supreme Court instructed that under the Federal Sentencing Guidelines, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756. The Court invalidated the Guidelines under the Sixth Amendment to the extent that they were applied in a mandatory manner. *Id.* at 764. While district courts are no longer bound to their strictures, the Guidelines must be consulted and taken into account at sentencing. *Id.* at 767. *Booker* also reaffirmed the exception in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), for prior convictions. *Booker,* 125 S. Ct. at 756. *See also Shepard v. United States*, 125 S. Ct. 1254, 1262 *(2005).*

Torres-Alvarado maintains that he neither admitted that his prior felony conviction was an aggravated felony or a drug trafficking offense, nor did the government prove these facts to a jury beyond a reasonable doubt. The government

---

but that enhancement is only 8 points.

responds that by pleading guilty to the charges contained in the indictment, Torres-Alvarado admitted that his prior felony conviction was aggravated or a drug trafficking offense. We hold that even if Torres-Alvarado did not make such an admission, his appeal is without merit.

"For purposes of . . . [U.S.S.G. § 2L1.2], 'aggravated felony' has the meaning given that term in section 101(a)(43) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(43)), without regard to the date of conviction for the aggravated felony." U.S.S.G. § 2L1.2 cmt. n.3(A). Section 1101(a)(43) of Title 8 includes in its definition of aggravated felony any "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924©) of Title 18) . . . whether in violation of Federal or State law." Section 924(c)(2) of Title 18 "defines a drug trafficking crime as including 'any felony punishable under the Controlled Substances Act.'" *United States v. Haggerty*, 85 F.3d 403, 406 (8th Cir. 1996); *see also* 21 U.S.C. § 801. Thus, Torres-Alvarado's prior felony conviction "is an aggravated felony if (1) it is punishable under the Controlled Substances Act, and (2) it is a felony." *Haggerty*, 85 F.3d at 406. It is undisputed that Torres-Alvarado's prior conviction for possession for sale of cocaine base is a felony that is punishable under the Controlled Substances Act. Because the statute defines aggravated felony to include Torres-Alvarado's prior felony conviction, the district court did not make any factual findings in determining that Torres-Alvarado's prior felony conviction was aggravated.

For purposes of U.S.S.G. § 2L1.2, "'[d]rug trafficking offense' means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2 cmt. n.1(B)(iv). Because this statute defines drug trafficking offense to also include

Torres-Alvarado's prior felony conviction, the district court also did not make any factual finding in determining that Torres-Alvarado's prior felony conviction was a drug trafficking offense. While it is unclear whether *Almendarez-Torres* and its felony exception will remain good law, *see Shepard*, 125 S. Ct. at 1264 (Thomas J. concurring) ("a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided"), we are bound by *Almendarez-Torres* until the Supreme Court explicitly overrules it.

### III. *Conclusion*

The district court did not violate the Sixth Amendment in determining that Torres-Alvarado's prior conviction was either an aggravated felony or a drug trafficking offense. Torres-Alvarado's sentence is affirmed.

_____