# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4185

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Mary Ann Turner, also known as | * | Northern District of Iowa. |
| Mary Ann Vlazny, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 25, 2006
Filed: April 27, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Mary Ann Turner (Turner) pled guilty to possessing methamphetamine after having been convicted of a felony drug offense, in violation of 21 U.S.C. §§ 844(a) and 851 (Count 1); and possessing pseudoephedrine knowing it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2) (Count 2). In December 2004, the district court[1] sentenced Turner to concurrent prison terms of 24 months (the statutory maximum) on Count 1 and 71 months on Count 2 (which had

_____

[1] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

a Guidelines range of 57-71 months). "[I]n its discretion" and "after consideration of the [18 U.S.C. § 3553(a)] factors," the court pronounced an identical alternative sentence in the event the Guidelines were later found to be unconstitutional. On appeal, Turner's counsel moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), and Turner filed a pro se supplemental brief. We reject their arguments for the reasons discussed below.

First, in light of Turner's sworn statements at her change-of-plea hearing, we see no reason to doubt the validity of her guilty plea. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Second, sentencing on the basis of admitted drug quantities and a prior felony drug conviction does not result in a Sixth Amendment violation. See United States v. Alvarado-Rivera, 412 F.3d 942, 946 n.3 (8th Cir. 2005) (en banc) (drug quantity), cert. denied, 126 S. Ct. 1096 (2006); United States v. Torres-Alvarado, 416 F.3d 808, 810 (8th Cir. 2005) (prior conviction). Third, Turner is not entitled to plain-error relief for erroneous sentencing under a mandatory Guidelines scheme, because–given the identical alternative discretionary sentence announced–the record does not establish a reasonable probability that the district court would have imposed a more favorable sentence under advisory Guidelines. See United States v. Booker, 543 U.S. 220, 233-37, 245, 258-59 (2005); United States v. Pirani, 406 F.3d 543, 550-54 (8th Cir.) (en banc), cert. denied, 126 S. Ct. 266 (2005). Fourth, the sentence, which was at the top of the Guidelines range, was not unreasonable: the district court stated it had considered the section 3553(a) factors, and we see nothing in the record to rebut the presumption of reasonableness arising from a sentence within the advisory Guidelines range. See Booker, 543 U.S. at 261-62; United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.), cert. denied, 126 S. Ct. 840 (2005).

As to the remaining arguments, the district court did not err in declining to credit Turner for jail time served on a related pending state charge, see United States v. Wilson, 503 U.S. 329, 331-37 (1992) (18 U.S.C. § 3585(b) credit is computed by

Attorney General rather than district court), in not recommending placement at the prison facility Turner requested, see 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."), or in denying self-surrender or furlough in the absence of exceptional circumstances, see 18 U.S.C. § 3143(a)(1), (b)(1), and § 3145(c); and any ineffective-assistance claim should be raised in a 28 U.S.C. § 2255 proceeding, see United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no other nonfrivolous issue. Accordingly, we affirm the judgment, and grant counsel's motion to withdraw.

_____