# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3650

_____

United States of America,          *
                                      *

    Plaintiff - Appellee,      *

                                        *   Appeal from the United States
v.                               *   District Court for the
                                        *   Eastern District of Arkansas.

Lonnie Lee Rhodes,        *

                                        *   **[UNPUBLISHED]**

    Defendant - Appellant.   *

_____

Submitted: May 15, 2006
Filed: August 18, 2006

_____

Before LOKEN, Chief Judge, MELLOY and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Lonnie Lee Rhodes pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). At sentencing, the district court[1] found that Rhodes was subject to the Armed Career Criminal Act, 18 U.S.C. § 924(e), by reason of three prior violent felony convictions for residential burglary. The court sentenced Rhodes to the statutory minimum of 180 months in prison, varying downward from his advisory guidelines sentencing range of 188-235 months. Rhodes appeals.

_____

[1]The HONORABLE SUSAN WEBBER WRIGHT, United States District Judge for the Eastern District of Arkansas.

Rhodes argues that the district court erred in increasing his sentence based on judicial findings of prior convictions because the Supreme Court in Shepard v. United States, 544 U.S. 13 (2005), implicitly overruled its prior decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998).  We have previously rejected this contention, concluding that "we are bound by *Almendarez-Torres* until the Supreme Court explicitly overrules it."  United States v. Torres-Alvarado, 416 F.3d 808, 810 (8th Cir. 2005).  He further argues that the district court violated his Sixth Amendment rights under United States v. Booker, 543 U.S. 220 (2005), because the court, rather than a jury, found both the fact and the nature of his prior convictions in applying the Armed Career Criminal Act.  Again, we have explicitly rejected this contention.  See United States v. Marcussen, 403 F.3d 982, 984 (8th Cir. 2005).

The judgment of the district court is affirmed.

_____