# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-3097

———————

United States of America,

          Appellee,

v.

Gerardo Ruiz-Martinez,

          Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Southern District of Iowa.
\*
\* [UNPUBLISHED]
\*

———————

Submitted: October 27, 2006
Filed: November 1, 2006

———————

Before MURPHY, BYE, and MELLOY, Circuit Judges.

———————

PER CURIAM.

Gerardo Ruiz-Martinez appeals the 84-month prison sentence the district court[1] imposed after he pleaded guilty to illegally reentering the United States after having been previously deported, in violation of 8 U.S.C. § 1326(a). His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967).

Counsel argues that the court violated the Sixth Amendment by imposing an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (16-level enhancement if defendant

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

previously was deported after conviction for crime of violence), based on judge-found facts as to the nature of his prior convictions. We have already rejected a similar Sixth Amendment challenge. See United States v. Torres-Alvarado, 416 F.3d 808, 810-11 (8th Cir. 2005).

Counsel also argues that Ruiz-Martinez's sentence was unreasonable. We conclude that the sentence is not unreasonable: the district court properly considered the 18 U.S.C. § 3553(a) factors in sentencing Ruiz-Martinez within the Guidelines range, and nothing in the record rebuts the presumption that the sentence is reasonable. See United States v. Booker, 543 U.S. 220, 260-64 (2005) (appellate courts should review post-Booker sentences for unreasonableness; district courts must consult Guidelines and take them into account when sentencing, along with other § 3553(a) factors); United States v. Lincoln, 413 F.3d 716, 717-18 (8th Cir.) (sentence within applicable Guidelines range is presumptively reasonable and burden is on defendant to rebut that presumption), cert. denied, 126 S. Ct. 840 (2005); United States v. Tobacco, 428 F.3d 1148, 1151 (8th Cir. 2005) (presumption of reasonableness can be rebutted if district court failed to consider relevant factor that should have received significant weight, gave significant weight to improper or irrelevant factor, or considered only appropriate factors but committed clear error of judgment in weighing them).

Having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the district court's judgment, and we grant counsel leave to withdraw.

_____