# United States Court of Appeals
### For the Eighth Circuit

_____

No. 11-2404

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Byron Abrahamson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: August 30, 2013
Filed: September 9, 2013
[Published]

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Michael Byron Abrahamson was convicted of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). At sentencing, the

district court[1] found that Abrahamson had a prior felony drug conviction and applied a statutory sentencing enhancement that doubled his mandatory minimum sentence from ten years to twenty years. *See* 21 U.S.C. § 841(b)(1). Based on the enhancement, the district court sentenced Abrahamson to twenty years' imprisonment. Abrahamson appealed his conviction and sentence, arguing, *inter alia*, that the district court's application of the sentencing enhancement violated the Sixth Amendment because the fact underlying the enhancement—the existence of a prior felony drug conviction—was found by the district court rather than a jury. We affirmed. *See United States v. Abrahamson*, 685 F.3d 777 (8th Cir. 2012). On June 24, 2013, the United States Supreme Court granted certiorari, vacated the judgment, and remanded the case for further consideration in light of the Court's decision in *Alleyne v. United States*, 570 U.S. ---, 133 S. Ct. 2151 (2013). *See Abrahamson v. United States*, 570 U.S. ---, 133 S. Ct. ---- (2013).

In *Alleyne*, the Court held that a fact that increases a defendant's mandatory minimum sentence is an element of the crime that must be submitted to a jury. *See* 133 S. Ct. at 2155. However, the Court in *Alleyne* left intact the rule that enhancements based on the fact of a prior conviction are an exception to the general rule that facts increasing the prescribed range of penalties must be presented to a jury. *See id.* at 2160 n.1 (explaining that because the parties did not address the recidivism enhancement exception recognized in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Court would not revisit the issue). Because the challenged enhancement of Abrahamson's sentence was based solely on his prior felony drug conviction, it continues to fall under the recidivism exception to the jury presentation requirement that the Court recognized in *Almendarez-Torres* and left unchanged in *Alleyne*. *See United States v. Torres-Alvarado*, 416 F.3d 808, 810 (8th Cir. 2005) ("While it is unclear whether *Almendarez-Torres* and its felony exception will remain

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

good law, we are bound by *Almendarez-Torres* until the Supreme Court explicitly overrules it." (internal citation omitted)). Thus, we affirm Abrahamson's sentence, and we affirm Abrahamson's conviction for the reasons stated in our prior opinion. *See Abrahamson*, 685 F.3d 777.

———————————————————