# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-3882

_____

United States of America

*Plaintiff - Appellee*

v.

Lyons Lonnie Bynum

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 21, 2013
Filed: October 31, 2013
[Unpublished]

_____

Before GRUENDER, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

After trial, a jury found Lyons Lonnie Bynum guilty of unlawful possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). The

district court[1] sentenced Bynum to 120 months' imprisonment, rejecting the Government's contention that at least one of Bynum's prior convictions triggered the 180-month mandatory minimum under the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e). Bynum appealed the sufficiency of the evidence supporting his conviction, and the Government cross-appealed the district court's refusal to apply the ACCA mandatory minimum. We affirmed Bynum's conviction but reversed the district court's sentence. We found that Bynum's prior third-degree Minnesota drug conviction was a predicate offence within the meaning of the ACCA, thus requiring imposition of the mandatory minimum. *United States v. Bynum*, 669 F.3d 880, 887-88 (8th Cir. 2012). On remand for resentencing, Bynum was sentenced to 180 months' imprisonment. He appeals this sentence, arguing that—despite *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)—the Fifth and Sixth Amendments require the fact of his prior conviction to be found by a jury. We affirm the new sentence.

Bynum contends that this court can and must disregard the *Almendarez-Torres* rule given recent indications that a majority of the Supreme Court may no longer agree with it. In a supplemental Federal Rule of Appellate Procedure 28(j) letter, Bynum asserts that the Supreme Court hinted at this jurisprudential shift in *Alleyne v. United States*, 570 U.S. ---, 133 S. Ct. 2151 (2013). We recently observed, however, that the Supreme Court in *Alleyne* "left intact the [*Almendarez-Torres*] rule that enhancements based on the fact of a prior conviction are an exception to the general rule that facts increasing the prescribed range of penalties must be presented to a jury." *United States v. Abrahamson*, --- F.3d ---, --- (8th Cir. 2013) (citing *Alleyne*, 133 S. Ct. at 2160 & n.1). *See also United States v. Torres-Alvarado*, 416 F.3d 808, 810 (8th Cir. 2005) ("While it is unclear whether *Almendarez-Torres* and

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

its felony exception will remain good law, . . . we are bound by *Almendarez-Torres* until the Supreme Court explicitly overrules it.").

Therefore, we affirm Bynum's sentence.

_____