**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0989n.06

No. 12-6413

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| DEREK LUCAS, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

**FILED**
Nov 20, 2013
DEBORAH S. HUNT, Clerk

BEFORE:  SILER, McKEAGUE, and WHITE, Circuit Judges.

PER CURIAM.  Derek Lucas appeals his sentence.

A jury found Lucas guilty of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  The district court determined that Lucas was subject to a mandatory term of life in prison under 18 U.S.C. § 3559(c)(1) based on his firearm offense and the fact that he had been convicted in state court of two or more serious violent felonies on separate prior occasions.  The district court sentenced Lucas to a life term on each count.

On appeal, Lucas argues that the district court erred by imposing the mandatory life term under § 3559 without submitting to a jury the issue whether he had the requisite prior convictions.  Because Lucas failed to raise this argument in the district court, we review it for plain error.  *See United States v. DeCarlo*, 434 F.3d 447, 460 (6th Cir. 2006).

No. 12-6413
*United States v. Lucas*

The district court did not plainly err in imposing the mandatory life term under § 3559.  In

*Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court held that the fact of

a prior conviction does not need to be proven to a jury beyond a reasonable doubt.  *See United States*

*v. Anderson*, 695 F.3d 390, 398 (6th Cir. 2012).  Further, notwithstanding Lucas's argument to the

contrary, the Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), did not undermine

the holding of *Almendarez-Torres*.  *See Alleyne*, 133 S. Ct. at 2160 n.1.

Accordingly, we affirm Lucas's sentence.