# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3275

_____

United States of America,

*Plaintiff - Appellee*,

v.

Eddie Prince Roberts,

*Defendant - Appellant*.

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: June 13, 2014
Filed: August 14, 2014

_____

Before MURPHY, COLLOTON, and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

A jury found Eddie Prince Roberts guilty of two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). The district court[1] sentenced Roberts to life imprisonment, because he previously had been convicted of two serious violent

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

felonies. *See* 18 U.S.C. § 3559(c)(1)(A)(i). Roberts appeals his sentence, and we affirm.

In February 1993, Roberts pleaded guilty to four counts of bank robbery. The presentence report for this case explained that in three of the four robberies, Roberts threatened to shoot the bank teller if the teller failed to comply with his demands. In August 1999, a jury found Roberts guilty of another bank robbery. This court affirmed Roberts's conviction, noting that Roberts stipulated that Carl Mitchell, with whom Roberts committed the robbery, told the teller: "I want the money and I do have a gun." *United States v. Roberts*, 47 F. App'x 422, 423 (8th Cir. 2002).

In May 2012, a grand jury charged Roberts with two counts of bank robbery in violation of 18 U.S.C. § 2113(a). Before trial, the government filed notice that it would rely on Roberts's prior convictions to seek a mandatory life sentence as to each count, pursuant to 18 U.S.C. § 3559(c)(1). As relevant here, § 3559(c)(1)(A)(i) provides that "a person who is convicted . . . of a serious violent felony shall be sentenced to life imprisonment if . . . the person has been convicted . . . on separate prior occasions . . . [of] 2 or more serious violent felonies." Bank robbery, attempted bank robbery, and conspiracy to commit bank robbery are all included in § 3559's definition of "serious violent felony." *Id*. § 3559(c)(2)(F)(i).

Section 3559 also provides an affirmative defense: Once the government establishes that a defendant previously has been convicted of two or more serious violent felonies, the defendant can avoid mandatory life imprisonment if he proves that his prior robberies were nonqualifying felonies. *Id.* § 3559(c)(3); *see United States v. Davis*, 260 F.3d 965, 968–69 (8th Cir. 2001). To demonstrate that a bank robbery conviction is a nonqualifying felony, Roberts bore the burden to establish "by clear and convincing evidence that . . . no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense." 18 U.S.C. § 3559(c)(3)(A)(I).

In December 2012, a jury found Roberts guilty of both counts of bank robbery. At sentencing, the parties agreed that Roberts's four 1993 convictions counted as one conviction for purposes of § 3559, because the convictions did not occur "on separate occasions." *Id*. § 3559(c)(1)(A)(i). The parties also agreed that at least one of Roberts's 1993 convictions qualified as a predicate serious violent felony.

Roberts argued, however, that his 1999 bank robbery conviction was not a qualifying serious violent felony under § 3559(c)(3)(A)(i). He urged that because he was the driver in the 1999 bank robbery and did not go into the bank, and because he did not know that Mitchell had a gun in the glove box of the car, he established by clear and convincing evidence that he "did not use a gun during the commission of that offense." The government responded that the affirmative defense was not satisfied by proof that Roberts *personally* did not use a gun during the robbery, but that "no threat of use of a firearm or other dangerous weapon *was involved in the offense*." *Id*. § 3559(c)(3)(A) (emphasis added). The district court found that Roberts had two prior convictions for bank robbery, and that Roberts failed to establish the affirmative defense by clear and convincing evidence. The court thus sentenced Roberts to life imprisonment on the first count of bank robbery and 240 months' on the second count, to run concurrently. Roberts appeals his sentence.

Roberts advances two arguments on appeal, both based on the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). First, he argues that *Alleyne* and the Sixth Amendment require that a jury, rather than a judge, must find the fact of his prior convictions because it increased the maximum penalty to which he was exposed. This contention is foreclosed by precedent. *Almendarez–Torres v. United States*, 523 U.S. 224, 226–27, 247 (1998), held that recidivism is not an element of an offense that must be submitted to a jury, and *Alleyne* did not revisit that conclusion. 133 S. Ct. at 2160 n.1; *see United States v. Abrahamson*, 731 F.3d 751, 752 (8th Cir. 2013).

Second, Roberts argues that the affirmative defense of § 3559(c)(3), and its placement of a burden of persuasion on the defendant to show that a prior bank robbery conviction is nonqualifying, contravenes the Fifth and Sixth Amendments. He complains that the statute "forces a court to presume, without facts, aggravating circumstances the government would otherwise have to prove via indictment," namely, that the prior conviction involved a firearm. This contention is also foreclosed by precedent. In *United States v. Davis*, 260 F.3d 965 (8th Cir. 2001), this court held that the burden-shifting structure of § 3559—which classifies all robberies as serious violent felonies but allows a defendant to prove the prior robbery convictions are nonqualifying by proving certain facts—is constitutional, because "Congress has the power to place on a defendant the burden of establishing an affirmative defense that is not an essential element of the crime." *Id*. at 970; *see United States v. Williams*, 308 F.3d 833, 840 (8th Cir. 2002). *Alleyne* did not revisit whether prior convictions are elements of an offense that must be found by a jury, and the Court said nothing to undermine *Davis*. *See United States v. Harris*, 741 F.3d 1245, 1248–50 (11th Cir. 2014); *United States v. Lucas*, 542 F. App'x 510, 511 (6th Cir. 2013) (per curiam).

\* \* \*

The judgment of the district court is affirmed.

_____