# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2888
_____

United States of America,

*Plaintiff - Appellee,*

v.

Huascar Galvez Montoya,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 18, 2014
Filed: August 15, 2014
[Unpublished]

_____

Before SMITH, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Huascar Galvez Montoya pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The

district court[1] sentenced Montoya to 240 months' imprisonment. Montoya appeals his sentence, and we affirm.

In September 2009, Montoya was convicted in Arizona state court for sale or transportation of marijuana and misconduct involving weapons. He was sentenced to one year in prison and three years' probation. Although Montoya's probation was not discharged until September 2012, he was released to U.S. Immigration and Customs Enforcement in April 2010 for removal to his native Mexico.

In March 2013, Montoya pleaded guilty to conspiring to distribute methamphetamine from 2006 through December 2011. The probation office recommended an advisory sentencing guideline range of 324 to 405 months' imprisonment based on Montoya's offense level of 39 and criminal history category of III. Montoya received two criminal history points for his Arizona conviction and an additional two points for committing the instant offense while on probation for his Arizona conviction.

At Montoya's sentencing, the government acknowledged that it had agreed to refrain from filing an information under 21 U.S.C. § 851 that would give notice of Montoya's prior drug conviction and enhance the statutory minimum sentence for Montoya's federal offense. As a result, Montoya was not subject to the twenty-year mandatory-minimum sentence that otherwise would have applied under 21 U.S.C. § 841(b)(1)(A). The district court, after considering the factors set forth in 18 U.S.C. § 3553(a), varied downward from the advisory range of 324 to 405 months' and sentenced Montoya to 240 months' imprisonment.

---

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

Montoya first argues that the district court erred by effectively applying a mandatory minimum punishment of twenty years' imprisonment based on 21 U.S.C. § 841(b)(1)(A), even though the government did not file the notice under § 851 that was necessary to trigger the twenty-year minimum. He relies on the following comments of the district court at sentencing: "I've also considered the will of Congress, which would be that you not be sentenced below 240 months. I recognize the Government didn't file the 851 notice here, but it was Congress' desire that you receive at least a 20-year sentence." These remarks do not establish error. The district court recognized that the government did not file the § 851 notice, and thus understood that it was not bound by law to impose a sentence of at least twenty years' imprisonment. That the court took into account—in exercising its discretion under § 3553(a)—that Congress said a person with Montoya's offense conduct and criminal history "shall be sentenced to a term of imprisonment which may not be less than 20 years" does not show that the court mistakenly thought the twenty-year term was mandatory.

In a related contention, Montoya argues that the district court violated his rights under the Sixth Amendment by applying the mandatory twenty-year minimum based on a fact that was not found by a jury. Putting aside the fact that the court did not apply an incorrect statutory minimum, the Constitution permits a judge to find the fact of a prior conviction that increases a statutory punishment. *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27, 247 (1998); *see Alleyne v. United States*, 133 S. Ct. 2151, 2160 n.1 (2013); *United States v. Abrahamson*, 731 F.3d 751, 752 (8th Cir. 2013).

Montoya next argues that the district court committed procedural error in calculating the advisory sentencing guideline range. He disputes the court's decision to count two criminal history points for Montoya's committing the instant offense while on probation for his Arizona conviction. Montoya contends that "his probation

in Arizona was effectively automatically terminated by his deportation to Mexico prior to the end of his probationary term."

This argument is foreclosed by *United States v. Barrera*, 562 F.3d 899 (8th Cir. 2009), which held that deportation does not automatically extinguish an existing term of probation. *Id*. at 901–02. Because the conspiracy to which Montoya pleaded guilty extended from 2006 until December 2011 and because his Arizona probation was not discharged until September 2012, the district court correctly assessed Montoya two criminal history points for committing the conspiracy offense while on probation. *See* USSG § 4A1.1(d); *see also id*. § 4A1.1, comment. (n.4) ("Two points are added if the defendant committed *any part* of the instant offense . . . while under any criminal justice sentence, including probation.") (emphasis added).

\* \* \*

The judgment of the district court is affirmed.

_____