# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2476

_____

United States of America

*Plaintiff - Appellee*

v.

Robert Earl Foster, also known as Charles Edward Foster

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: January 12, 2015
Filed: April 10, 2015
[Unpublished]

_____

Before SMITH, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Robert Earl Foster pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court[1] found Foster had

_____

[1] The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

three prior felony convictions for violent crimes or controlled substance offenses and sentenced him as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e)(1). The Guidelines range called for a sentence of 188 to 235 months imprisonment, and the district court sentenced Foster to 188 months imprisonment. Foster appeals his sentence, asserting only that the district court erred in finding by a preponderance of the evidence that he had a third felony conviction for the purposes of the Armed Career Criminal Act. Having jurisdiction under 28 U.S.C. § 1291, and after careful review, we affirm.

At sentencing, the district court found Foster had three prior violent or serious drug felony convictions, including one for a 1993 second-degree assault in Pemiscot County, Missouri. Foster challenged this conviction on the basis that he was not the Robert Foster named in that case. Foster now argues that the district court was required to find that he was the convicted party beyond a reasonable doubt, rather than by a preponderance of the evidence, and the government presented insufficient evidence to satisfy this burden of proof. We review a district court's factual findings regarding a defendant's prior convictions for clear error and review the use of such convictions for sentence enhancement de novo. United States v. Birdine, 515 F.3d 842, 844 (8th Cir. 2008).

Upon review, we determine that the district court did not err in applying a preponderance of the evidence standard to the question of whether Foster was the party who was convicted in the 1993 assault. See Almendarez-Torres v. United States, 523 U.S. 224, 243-44 (1998) (holding that a district court may make findings regarding prior convictions without sending the question to the jury to find beyond a reasonable doubt); see also Alleyne v. United States, 133 S. Ct. 2151, 2160 & n.1 (2013) (holding that facts increasing punishment should be found by a jury beyond a reasonable doubt but noting that holding did not disturb the Almendarez-Torres exception for facts of prior conviction); United States v. Abrahamson, 731 F.3d 751, 752 (8th Cir. 2013) (per curiam) (explaining that Alleyne did not alter the rule that

enhancements based on prior convictions may be found by a judge). Whether Foster was the party who was convicted for the 1993 assault is a fact of his prior conviction that need not be proven beyond a reasonable doubt. See United States v. Urbina-Mejia, 450 F.3d 838, 840 (8th Cir. 2006) (holding that district court did not err in finding by a preponderance of the evidence that the defendant was the party convicted of prior crime). Sufficient evidence proved by a preponderance of the evidence that Foster was the party convicted in the 1993 assault, including identical data from each conviction record, consisting of matching fingerprints, birth dates, and social security numbers, with the exception of one scrivener's error in the social security number in the 1993 assault record.

The district court did not err in finding by a preponderance of the evidence that Foster had a third violent or serious drug felony conviction for the purposes of the Armed Career Criminal Act. The judgment is affirmed.

_____