# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2753
_____

United States of America,

*Plaintiff - Appellee,*

v.

Edward L. Garlock, Jr.,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: February 9, 2015
Filed: July 10, 2015
[Unpublished]
_____

Before LOKEN, SMITH, and COLLOTON, Circuit Judges.
_____

PER CURIAM.

Edward Garlock pleaded guilty to unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). The statutory maximum punishment for that offense ordinarily is ten years' imprisonment, 18 U.S.C. § 924(a)(2), but the Armed Career Criminal Act provides for an enhanced term of fifteen years to life imprisonment for certain recidivists. 18 U.S.C. § 924(e). The

enhancement applies to a person who has three previous convictions for serious drug offenses committed on occasions different from one another. *Id*. § 924(e)(1), (e)(2)(A). Based on Garlock's criminal history, which included four convictions for serious drug offenses committed on separate occasions, the district court[1] determined that Garlock was subject to the enhanced punishment and sentenced him to 200 months' imprisonment.

Garlock appeals solely on the ground that the indictment did not allege the predicate convictions that qualified him for the sentencing enhancement or that those offenses were committed on occasions different from one another. He contends that the district court violated the Sixth Amendment by enhancing his sentence based on facts that were not charged in the indictment and found by a jury or admitted by the defendant.

In general, "any facts that increase the prescribed range of penalties to which a criminal defendant is exposed are elements of the crime" that must be charged in an indictment and proved beyond a reasonable doubt. *Alleyne v. United States*, 133 S. Ct. 2151, 2160-61 (2013) (internal quotation marks omitted). But according to *Almendarez-Torres v. United States*, 523 U.S. 224, 243-44 (1998), recidivism is not such an element, and the Court in *Alleyne* did not revisit that "narrow exception" to the general rule. 133 S. Ct. at 2160 n.1. Accordingly, Garlock's contention is foreclosed by precedent. *United States v. Evans*, 738 F.3d 935, 936-37 (8th Cir. 2014) (per curiam); *United States v. Abrahamson*, 731 F.3d 751, 751-52 (8th Cir. 2013) (per curiam). In any event, Garlock admitted the pertinent facts regarding the predicate convictions by not objecting to the recitation in the presentence report. *United States v. Paz*, 411 F.3d 906, 909 (8th Cir. 2005).

---

[1] The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

The judgment of the district court is affirmed.

_____