[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10775
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 24, 2011
JOHN LEY
CLERK

D.C. Docket Nos. 2:08-cr-00019-RWS-SSC-1,

2:09-cr-00004-RWS-1

UNITED STATES OF AMERICA,

Plaintiff  Appellee,

versus

BRUCE ALLEN HUGHES,
a.k.a. Brian Scott Hughes,
a.k.a. Bruce Alan Hughes,
a.k.a. Brian Allen Hughes,

Defendant  Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 24, 2011)

Before TJOFLAT, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Between May 7, 1997, and February 21, appellant engaged in a massive armed bank robbery spree throughout northern Georgia and Tennessee. In all, the authorities concluded that he was involved in 29 armed bank robberies. Two grand juries indicted him for, and he pled guilty to, committing the following offenses set out in Title 18 of the U. S. Code: two counts of conspiring to interfere with commerce, in violation of § 1951; five counts of bank robbery, in violation of § 2113(a) & (d); five counts of using a firearm during and in relation to a crime of violence, in violation of § 924(c); one count of felon in possession of a firearm, in violation of § 922(g)(1). The district court sentenced Hughes to a total of 1524 months' imprisonment. Specifically, for the two conspiracy counts and the five bank robbery counts, the court imposed sentences of 240 months' imprisonment. For the count of possession of a firearm by a felon, the court imposed a sentence of 120 months. All of these sentences were ordered to run concurrently with each other. For the five counts of using a firearm during and in relation to a crime of violence, the court imposed statutory minimum sentences of 84 months on the first count and 300 months on each of the other four counts, to run consecutively to each other and to the remaining counts of the indictments. Hughes now appeals, presenting several arguments.

I.

Hughes argues that the district court erred in imposing consecutive, rather than concurrent, sentences under 18 U.S.C. § 924(c) for his convictions for using a firearm during and in relation to a crime of violence.  We review *de novo* the question of statutory interpretation his argument presents.  *United States v. Tate*, 586 F.3d 936, 946 (11th Cir. 2009), *cert. denied*, (U.S. Nov. 29, 2010) (No. 09-8888).

## A.

First, Hughes argues that the "except" clause in 18 U.S.C. § 924(c) prevents the imposition of consecutive sentences.

The relevant provision states:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . .

18 U.S.C. § 924(c)(1)(A).  The subsection then lists mandatory minimum punishments for various specific acts.  *Id.* § 924(c)(1)(A).  If a firearm is brandished, the minimum term is seven years' imprisonment.  *Id.* § 924(c)(1)(A)(ii).  The statute further states: "In the case of a second or

3

subsequent conviction under this subsection, the person shall . . . be sentenced to a term of imprisonment of not less than 25 years." *Id.* § 924(c)(1)(C)(i). Moreover, "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person." *Id.* § 924(c)(1)(D)(ii).

In *United States v. Tate*, 586 F.3d 936, 946-47 (11th Cir. 2009), we held that the "except" clause did not prevent the imposition of consecutive sentences for each of the defendant's firearm convictions under § 924(c). *See also United States v. Phaknikone*, 605 F.3d 1099, 1111 (11th Cir. 2010) ("Section 924 requires consecutive sentences for [defendant's] convictions under that statute."). Recently, the Supreme Court agreed, interpreting the "except" clause to allow consecutive sentences. *Abbott v. United States*, 562 U.S. __, 131 S.Ct. 18, 22-31, 178 L.Ed.2d 348 (2010). *Abbott* held that a defendant is "subject to the highest mandatory minimum specified for his conduct in § 924(c), unless another provision of law directed to conduct proscribed by § 924(c) imposes an even greater mandatory minimum." *Id.* at __, 131 S.Ct. at 23.

In light of *Tate* and *Abbott*, Hughes's argument regarding the "except" clause of § 924(c) is foreclosed.

B.

4

Hughes argues that his convictions under § 924(c) could not be deemed "second or subsequent," since the district court accepted his plea of guilty on all counts simultaneously, and, therefore, the Supreme Court's decision in *United States v. Deal*, 508 U.S. 129, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993), is inapplicable.  Furthermore, Hughes contends that *Deal* was wrongly decided.

The Supreme Court in *Deal* reasoned that "conviction" means a "finding of guilt by a judge or jury," and "findings of guilt on several counts are necessarily arrived at successively in time."  *Deal*, 508 U.S. at 132-33 & n.1, 113 S.Ct. at 1996-97 & n.1.  Therefore, multiple convictions in the same prosecution were "second or subsequent" under § 924(c), and warranted consecutive sentences.  *Id.* at 131-37, 113 S.Ct. at 1995-99.  While *Deal* does not specifically address guilty pleas, we analyzed § 924(c) prior to *Deal* and explained that, while "subsequent" means "following in time, order, or place," the term "second" only means "one more after the first, or another or additional conviction."  *United States v. Rawlings*, 821 F.2d 1543, 1545 (11th Cir. 1987).  Therefore, multiple § 924(c) convictions stemming from the same indictment triggered the enhanced penalty provision.  *Id.*  We reasoned that interpreting the statute any differently would lead to "incongruous results," encouraging prosecutors to bring separate indictments for each § 924(c) violation in order to secure the enhanced penalty.  *Id.* at 1546.

5

Under the interpretation of § 924(c) advanced in *Rawlings*, 821 F.2d at 1545-46, Hughes's argument fails. Furthermore, we are bound to follow the Supreme Court's precedent. Accordingly, the district court committed no error in imposing consecutive 300 months' sentences for Hughes's multiple § 924(c) convictions.

## II.

Hughes contends that his total sentence of 1524 months is substantively unreasonable and is unlawful under 18 U.S.C. § 3553(a). Specifically, given his age at the time of sentencing, he would not outlive even his combined mandatory minimum sentences of 107 years, which were imposed for the § 924(c) violations. Therefore, imposing non-mandatory additional terms for his other counts made the total sentence "greater than necessary" under § 3553(a). He argues that one day for the non-mandatory sentences would have been sufficient.

If a party fails to preserve an issue for appeal by making a proper objection, we review the issue for plain error, which requires the appellant to establish "(1) that there was error (2) that was plain; (3) that affected his substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceeding." *United States v. Straub*, 508 F.3d 1003, 1008 (11th Cir. 2007); *see also* Fed.R.Crim.P. 52(b).

We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). The district court must impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in § 3553(a)(2), which include the need of the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from future criminal conduct by the defendant. 18 U.S.C. § 3553(a)(2). Other factors to be considered include the nature of the offense, the history and characteristics of the defendant, the available sentences, the Sentencing Guidelines' policy statements and applicable Guidelines sentence range, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7). We ordinarily expect a sentence within the sentence range to be reasonable, and remand for resentencing only if the district court committed a "clear error of judgment" in weighing the § 3553(a) factors. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 2848 (2009). "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *Id.*

Hughes failed to object to the reasonableness of his total sentence. Specifically, before or during the sentencing hearing, he neither asked for leniency under 18 U.S.C. § 3553(a) nor for sentences below the Guidelines prescribed sentence range; thus, his claims warrant review only for plain error. Here, the district court committed no error, plain or otherwise, since Hughes failed to show that his sentences, individually or combined, were substantively unreasonable. As reflected in the record, the district court considered the relevant § 3553(a) factors and reasonably determined that nothing less than sentences within the Guidelines sentence range, as indicated above, would be a sufficient punishment for Hughes's multiple offenses. Accordingly, the imposition of the sentences at issue did not constitute an abuse of discretion.

AFFIRMED.