# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2012

Lyle W. Cayce
Clerk

No. 11-31035
Summary Calendar

KEVIN HAYNES,

Petitioner-Appellant

v.

W.A. SHERROD,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CV-497

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Kevin Haynes, federal prisoner # 43015-053, appeals the dismissal of his 28 U.S.C. § 2241 petition alleging that his consecutive sentences pursuant to 18 U.S.C. 924(c) were invalid in light of *Abbott v. United States*, 131 S. Ct. 18 (2010). The district court dismissed the petition on grounds that Haynes failed to satisfy the "savings clause" of 28 U.S.C. § 2255(e).

We review the district court's dismissal on the pleadings de novo. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Claims relating to alleged errors in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a federal sentence are properly raised in a 28 U.S.C. § 2255 motion rather than in a § 2241 petition. *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). However, under the savings clause of § 2255(e), a § 2241 petition that attacks a federal sentence may be considered if the petitioner shows that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." § 2255(e). The savings clause of § 2255 applies only to claims that are "based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a nonexistent offense" and that were "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

*Abbott* does not state, as Haynes mistakenly asserts, that multiple consecutive terms of imprisonment may not be imposed for separate convictions under § 924(c). *See Abbott*, 131 S. Ct. at 23 (noting that "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction"). To the contrary, the Supreme Court has affirmed the imposition, in a single proceeding, of six consecutive sentences under § 924(c). *Deal v. United States*, 508 U.S. 129, 132-37 (1993); *see United States v. Thomas*, 627 F.3d 146, 158 (5th Cir. 2010) (following *Deal*). *Abbott* said nothing to affect *Deal*'s holding that an offender charged with multiple § 924(c) offenses receives a mandatory minimum sentence for each such offense.

Haynes fails to show that his claim was "based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense." *Reyes-Requena*, 243 F.3d at 904. He was therefore not entitled to bring his claim under § 2241, and the district court's dismissal is AFFIRMED.