12-631-cr
*United States v. Robles*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2012

(Submitted:  February 20, 2013  Decided:  March 1, 2013)

Docket No. 12-631-cr

------

UNITED STATES OF AMERICA,

*Appellee*,

v.

JOSE ROBLES,

*Defendant-Appellant*.

------

Before:

WINTER, CHIN, and DRONEY, *Circuit Judges*.

------

Appeal from a judgment of conviction of the United States District Court for the Southern District of New York (Sweet, *J.*), imposing a sentence principally of thirty-five years' imprisonment, which included consecutive mandatory minimum terms of imprisonment of seven and twenty-five years for brandishing a firearm during two robberies.

AFFIRMED.

------

Katherine Polk Failla, Michael D. Maimin, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York, *for Appellee*.

Scott B. Tulman, Law Offices of Scott B. Tulman, New York, New York, *for Defendant-Appellant*.

------

PER CURIAM:

Defendant-appellant Jose Robles appeals from a judgment of the United States District Court for the Southern District of New York (Sweet, *J.*) entered March 29, 2012, convicting him of conspiring to commit and committing three Hobbs Act robberies and of brandishing a firearm during two of the robberies. The district court sentenced Robles principally to thirty-five years' imprisonment. On appeal, Robles challenges the district court's determination that it was required to impose consecutive mandatory minimum terms of imprisonment of seven and twenty-five years on the gun counts. We affirm.

## *BACKGROUND*

Robles was convicted of conspiring to commit and committing three armed robberies in 2005 and 2006 at two Radio Shack stores in the Bronx, New York, and a gasoline station in Yonkers, New York. Robles was indicted on six counts: one count of conspiring to commit a Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count One), three substantive counts of Hobbs Act robbery in violation of 18 U.S.C. §§ 1951-52 (Counts Two to Four), and two counts of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Counts Five and Six). A jury found him guilty on all counts.

On February 3, 2012, the district court issued a sentencing opinion in which it held, *inter alia*, that it was required to impose mandatory consecutive minimum sentences of seven and twenty-five years' imprisonment on Counts Five and Six, respectively.  Opinion at 16, *United States v. Robles*, No. 08 Cr. 1114 (S.D.N.Y. Feb. 3, 2012), ECF No. 61. Accordingly, the district court sentenced Robles on February 7, 2012 to thirty-five years' imprisonment:  three years for each of the conspiratorial and substantive Hobbs Act robbery counts, to run concurrently; a mandatory minimum seven-year term for his first conviction under § 924(c); and a mandatory minimum twenty-five-year term for his second conviction under § 924(c)(1)(C)(i).  Pursuant to § 924(c)(1)(D)(ii) -- which provides that no sentence imposed under § 924(c) shall run concurrently with any other term of imprisonment -- the district court ordered the two terms for Counts Five and Six to run consecutively to each other and to the terms imposed on Counts One through Four.  An amended judgment of conviction and sentence was entered March 29, 2012.

This appeal followed.

### DISCUSSION

#### A.  Applicable Law

We review *de novo* a district court's decision resolving a question of statutory interpretation.  *United States v. Cassesse*, 685 F.3d 186, 188 (2d Cir. 2012).

-3-

Section 924(c)(1) of Title 18 of the United States Code provides in relevant part:

> (A) *Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law*, any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm . . . shall, in addition to the punishment provided for such crime of violence or drug trafficking crime --
>
>> (i) be sentenced to a term of imprisonment of not less than 5 years;
>>
>> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; . . .
>
> . . .
>
> (C) In the case of a second or subsequent conviction under this subsection, the person shall --
>
>> (i) be sentenced to a term of imprisonment of not less than 25 years . . .
>
> (D) Notwithstanding any other provision of law . . .
>
>> (ii) no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person . . . .

(emphasis added). Robles argues that the "except" clause in subsection (A) applies in this case, and because the twenty-five-year mandatory minimum sentence imposed on Count Six was "a greater minimum sentence . . . otherwise provided by this subsection," the district court was *not* required to impose a

consecutive mandatory minimum sentence of seven years for Count Five.

In *Deal v. United States*, the defendant committed six armed bank robberies. 508 U.S. 129, 130 (1993). He was convicted on six counts of bank robbery and six corresponding counts of carrying and using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). *Id.* Relying on an earlier version of § 924(c), the district court sentenced the defendant to five years on the first § 924(c) count and to twenty years on each of the five § 924(c) counts, the terms to run consecutively. *Id.* at 131. The Supreme Court held that each of the defendant's "second through sixth convictions under § 924(c)(1) in this single proceeding" subjected him to a twenty-year mandatory term under § 924(c). *Id.* at 130-33. The Court thus rejected the defendant's argument that the mandatory consecutive term for a "second or subsequent conviction" only applied to counts charged in subsequent proceedings. *Id.* at 131-32.

In 1998, Congress amended § 924(c) to add, *inter alia*, the "except" clause that now prefaces the mandatory minimum terms of imprisonment imposed by the statute. *See Abbott v. United States*, 131 S. Ct. 18, 24-25 (2010).[1] In *Abbott*, the Supreme Court construed the "except" clause as

---

[1]  The 1998 amendment also increased the penalty for repeat § 924(c) convictions from a mandatory term of twenty years to a mandatory minimum term of twenty-five years. *See Abbott v. United States*, 131 S. Ct. 18, 25-26 (2010).

"instruct[ing] judges to pick the single highest sentence stipulated for a § 924(c) violation within § 924(c) itself, and not to stack ten years for discharging a gun on top of seven for brandishing the same weapon, whenever a defendant does both."  *Id.* at 30.  The Court held, however, that "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction."  *Id.* at 23.

**B.  *Application***

While we have previously construed the "except" clause in different contexts, *see, e.g., United States v. Tejada*, 631 F.3d 614, 619 (2d Cir. 2011), we have yet to address whether the "except" clause exempts a defendant from consecutive mandatory minimum sentences where he is convicted of multiple § 924(c) counts in a single judgment.[2]  For reasons to follow, we now hold that the "except" clause does not exempt a defendant, sentenced on multiple § 924(c) convictions in a single judgment, from receiving a consecutive mandatory minimum sentence for each of his § 924(c) convictions.

First, *Deal* remains good law despite the fact that it was decided prior to the 1998 amendment adding the

_____

[2]    In a footnote in *United States v. Cain*, 671 F.3d 271, 278 n.2 (2d Cir. 2012), we impliedly endorsed the continued application of *Deal*, albeit in a different context.  We write to explicitly affirm that view.

-6-

"except" clause to § 924(c). Robles has not identified, and we have not found, any authority suggesting that the "except" clause somehow undermines the holding in *Deal* that a defendant sentenced on multiple § 924(c) convictions in a single judgment faces a mandatory penalty for each of his convictions under § 924(c). To the contrary, the 1998 amendment expanded the reach of § 924(c) and strengthened its penalties, *see Abbott*, 131 S. Ct. at 25, and we, like the Supreme Court, are "disinclined to say that what Congress imposed with one hand . . . it withdrew with the other," *id.* at 27 (citation and internal quotation marks omitted). Furthermore, both the Supreme Court and this Court have continued to rely on *Deal* after 1998, albeit for different grounds. *See, e.g., Dorsey v. United States*, 132 S. Ct. 2321, 2343 (2012); *DePierre v. United States*, 131 S. Ct. 2225, 2234 (2011); *United States v. Cain*, 671 F.3d 271, 278 n.2 (2d Cir. 2012).

Second, *Abbott* did not abrogate *Deal*, but rather, reinforced its holding. The *Abbott* Court expressly held that a defendant subject to a mandatory minimum sentence under § 924(c) "is not spared from that sentence by virtue of receiving a higher mandatory minimum on a *different count* of conviction." 131 S. Ct. at 23 (emphasis added). Rather, the "except" clause only proscribes multiple penalties under § 924(c) where, for example, a defendant both discharges and

brandishes the same firearm while committing an offense.  *Id.*
at 30.

Third, although we have not explicitly reached this
question previously, our sister circuits have consistently
upheld sentences imposing consecutive mandatory minimum terms
for multiple § 924(c) convictions in the same proceeding.
*Accord United States v. Major*, 676 F.3d 803, 812 (9th Cir.
2012); *United States v. Bowers*, 638 F.3d 616, 620 (8th Cir.
2011); *United States v. Mamalis*, No. 11 Cr. 4687, 2012 WL
5975271, at *8 (4th Cir. Nov. 30, 2012) (unpublished
opinion); *United States v. Bonner*, 469 F. App'x 119, 136 (3d
Cir. 2012) (unpublished opinion); *Haynes v. Sherrod*, 476 F.
App'x 27, 27-28 (5th Cir. 2012) (unpublished opinion); *United
States v. Hughes*, 410 F. App'x 285, 287 (11th Cir. 2011)
(unpublished opinion).  We agree with our sister circuits.

Accordingly, we hold that Robles was properly
sentenced to a mandatory consecutive seven-year term for his
first § 924(c) conviction on Count Five and a mandatory
consecutive twenty-five-year term for his second § 924(c)
conviction on Count Six.[3]

---

[3]    Robles also challenges the sufficiency of the evidence
for his conviction on Count Five, arguing that the government
failed to establish beyond a reasonable doubt that the weapon he
used was a "firearm" within the meaning of 18 U.S.C. § 921(a)(3).
This argument has no merit.  The government presented three
witnesses who testified to the jury about Robles showing them a
gun in his waistband during the robbery.  As the jury credited
their testimony and resolved any purported inconsistency among
them, "we must defer to the jury's resolution of the weight of
the evidence and the credibility of the witnesses."  *United
States v. O'Connor*, 650 F.3d 839, 855 (2d Cir. 2011) (citation
and internal quotation marks omitted).

*CONCLUSION*

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.