PER CURIAM.
Mark Joseph Morris appeals after he pled guilty to three robbery offenses and was found guilty by a jury of three firearm offenses. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.
Morris pled guilty to two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count of robbing a store by threats or violence, in violation of 18 U.S.C. § 1951. A jury convicted him of three counts of possessing a firearm in furtherance of the robberies, in violation of 18 U.S.C. § 924(c)(1)(A). The district court[1] sentenced him to 870 months in prison.
*821 Morris argues that the evidence is insufficient to establish that he carried a firearm — rather than a BB gun — during the robberies. This court reviews sufficiency of the evidence de novo, “viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences in favor of the verdict.” See United States v. Robinson, 617 F.3d 984, 988 (8th Cir.2010) (noting reversal’ is appropriate “only if no reasonable trier of fact could find the defendant guilty beyond a reasonable doubt”).
For each firearm conviction, an eyewitness testified to seeing a real handgun. See United States v. Stenger, 605 F.3d 492, 504 (8th Cir.2010) (“[A] defendant’s possession of a firearm may be established solely by eyewitness testimony.”). Officer Shipley also testified, concluding from surveillance videos that the guns in the robberies appeared similar to each other and to a real handgun. Morris attempted to undermine the eyewitnesses by questioning their levels of certainty that the guns were real firearms. But the jury believed the eyewitnesses, supported by Officer Shipley. See id. (“The fact that the witnesses were not weapons experts or that they did not inspect and verify the authenticity of the gun does not preclude conviction for use of a firearm.”). See also United States v. Ireland, 62 F.3d 227, 230 (8th Cir.1995) (“It is the jury’s job to judge the credibility of witnesses____”). The evidence is sufficient to support a reasonable jury’s conclusion that Morris possessed a firearm in connection with each robbery. See United States v. Bowers, 638 F.3d 616, 619 (8th Cir.2011) (“The possibility that a gun is fake does not prevent a reasonable jury from determining the gun was real.”).
Following careful review of the record and the parties’ remaining arguments on appeal, this court finds no error. See 8th Cir. R. 47B. First, Morris’s guilty pleas to the robbery counts were voluntary and in compliance with Federal Rule of Criminal Procedure 11. Second, there was no reversible error related to the trial evidence and jury instructions, nor did the prosecution implicate Morris’s double jeopardy rights. Third, there was no sentencing error. See United States v. Abrahamson, 731 F.3d 751, 751-52 (8th Cir.2013) (per curiam) (noting that enhancements based on fact of prior conviction are exception to general rule that facts increasing mandatory minimum penalties must be presented to jury), cert. denied, — U.S. -, 134 S.Ct. 1565, 188 L.Ed.2d 576 (2014).
This court declines to consider on direct appeal the ineffective-assistance claims Morris has raised. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir.2003) (when claims of ineffective assistance of trial counsel are asserted on direct appeal, appellate court ordinarily defers them to 28 U.S.C. § 2255 proceedings).
The judgment is affirmed. Morris’s pending motions are denied. Counsel’s pending motion to withdraw is granted, subject to counsel informing Morris about procedures for seeking rehearing or filing a petition for certiorari.

. The Honorable Greg Kays, Chief Judge, United States District Court for the Western *821 District of Missouri.