14-882(L)
*United States v. Rodriguez, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand nineteen.

PRESENT:
> PIERRE N. LEVAL,
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.

JOVANNY RODRIGUEZ, HENRY MICHEL, JESUS HILARIO-BELLO, OSCAR MINAYA, JASON VERAS,

> *Defendants-Appellants,*

EDWIN HENRIQUEZ, ANGELO MICHEL, JOSE ORTEGA, JOHNNY NUNEZ, KATIA GATON, RICHARD J. TREJO, FELIZ ROBINSON, ALEXANDRO BELLO, ROMALDO ESPINAL, RICHARD PEREZ,

No. 14-882 (L); 14-1129 (Con); 14-1891 (Con); 14-1892 (Con); 14-4042 (Con)

ANSELMO VIDAL RODRIGUEZ,

*Defendants.* [1]

_____

FOR APPELLANTS:                    ROBIN C. SMITH, Esq., New York, NY, *for Appellant Jovanny Rodriguez.*

ROBIN C. SMITH, Esq., New York, NY, *for Appellant Jovanny Rodriguez.*

LAWRENCE MARK STERN, Esq., New York, NY, *for Appellant Jesus Hilario-Bello.*

ANDREW M. ST. LAURENT, Harris, O'Brien, St. Laurent & Chaudhry LLP, New York, NY, *for Appellant Oscar Minaya.*

Royce Russell, Emdin & Russell, LLP, New York, NY, *for Appellant Henry Michel.*

David S. Hammer, Esq., New York, NY, *for Appellant Jason Veras.*

FOR APPELLEE:                      JESSICA ORTIZ (Megan L. Gaffney, Michael A. Levy, *on the brief*), Assistant United States Attorneys, *for* Geoffrey Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from judgments of the United States District Court for the Southern District of New York (Keenan, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the District Court are hereby **AFFIRMED**.

Defendants-Appellants Jovanny Rodriguez, Jesus Hilario-Bello, and Oscar Minaya appeal from judgments of conviction entered on March 18, 2014, against Rodriguez, and

---

[1] The Clerk of Court is directed to amend the caption in this case to conform to the above.

May 27, 2014, against Hilario-Bello and Minaya. [2] We assume the parties' familiarity with the underlying facts, procedural history, and issues identified for review, and we refer to these only as necessary to explain our decision to affirm. At the defendants' request, we have held this order pending release of our Court's decisions in *United States v. Hill*, No. 14-3872, and *United States v. Barrett*, No. 14-2641.

## I.      Jovanny Rodriguez

Rodriguez and Hilario-Bello challenge the specificity of the indictment. Neither of these defendants raised this argument before trial, as required by Federal Rule of Criminal Procedure 12(b)(3)(B). *See United States v. Spero*, 331 F.3d 57, 61–62 (2d Cir. 2003). Nor has either established cause for this failure or prejudice resulting from any deficiency in their indictments. This challenge is therefore forfeited. *See id* at 62.

Even were the challenge not forfeited, however, we identify no plain error that might require vacatur. An indictment is sufficient "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). An indictment "need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) (internal quotation marks omitted). Here, the indictment's specification of the vicinity and approximate dates of the alleged crimes was sufficient to fairly inform both of these

---

[2] On December 12, 2014, and February 18, 2015, respectively, counsel for Defendants-Appellants Henry Michel and Jason Veras moved for permission to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). On September 22, 2015, and September 24, 2015, respectively, the government moved to dismiss the appeals based on Michel and Veras's appeal waivers, or for summary affirmance. Because those appeals were consolidated with the instant appeals of Rodriguez, Hilario-Bello, and Minaya, these motions too have been held in abeyance.

Upon due consideration, it is hereby ORDERED that the *Anders* motions are granted, the motions to dismiss are GRANTED with respect to Michel and Veras's appeals of their terms of imprisonment and supervised release, and the motions for summary affirmance are GRANTED with respect to Michel and Veras's appeals of their convictions and special assessments. Veras's request for appointment of new counsel for the purposes of this appeal is DENIED as moot. The Clerk of Court is directed to close all remaining motions in these cases.

defendants of the charges and to enable them to defend against the charges and invoke a double jeopardy defense should they be indicted again for the same acts.

Rodriguez next argues that he was prejudiced by the alleged variance between Count Nine's charge of a Hobbs Act robbery occurring "in or about November 2010" and the evidence at trial, which established only that a robbery occurred in the year 2010. An actionable variance occurs "when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." *United States v. Salmonese*, 352 F.3d 608, 621 (2d Cir. 2003) (internal quotation marks omitted). We have cautioned, however, that "proof at trial need not, indeed cannot, be a precise replica of the charges contained in an indictment," and therefore "this court has consistently permitted significant flexibility in proof, provided that the defendant was given notice of the core of criminality to be proven at trial." *United States v. Heimann*, 705 F.2d 662, 666 (2d Cir. 1983) (internal quotation marks omitted). Testimony that the crime took place in 2010 does not prove facts different from the indictment's allegation that the crime took place in November 2010. Furthermore, Rodriguez has established no prejudice resulting from the variance he alleges, as our Court's precedent requires for this challenge to succeed. S*ee United States v. Dupre*, 462 F.3d 131, 140 (2d Cir. 2006).

Rodriguez next challenges the District Court's instruction to the jury that, under the Hobbs Act, "[t]he requirement of showing an effect on commerce involves only a minimal burden of proving a connection to interstate or foreign commerce, and is satisfied by conduct that affects commerce in any way or degree." Rodriguez App'x at 79. As Rodriguez himself acknowledges, however, this challenge is foreclosed by our precedent, which endorses the standard articulated by the District Court. *See, e.g., United States v. Parkes*, 497 F.3d 220, 230 (2d Cir. 2007) (only *de minimis* showing of effect on interstate commerce required for Hobbs Act robbery conviction); *United States v. Wilkerson*, 361 F.3d 717, 726 (2d Cir. 2004) ("slight," "potential[,] or subtle effect" on interstate commerce suffices to support Hobbs Act conviction (internal quotation marks omitted)). Rodriguez points to no intervening Supreme Court decision that disturbs our Circuit precedent. *See id.* at 732

4

(acknowledging binding nature of Circuit precedent absent overruling by en banc panel or Supreme Court). This challenge thus fails.

## II.    Jesus Hilario-Bello

In addition to challenging the specificity of the indictment, Hilario-Bello alleges that the District Court's conduct during trial impaired his right to a fair trial. In particular, he contends that the District Court engaged in "[j]udicial [v]ouching" for cooperators, Hilario-Bello Br. at 18; that the District Court delivered various improper instructions to the jury, *id.* at 27–28, 31–32; that the District Court improperly precluded certain areas of cross-examination, *id.* at 28–31; and that the District Court improperly held multiple off-the-record conferences, *id.* at 32–34. Because Hilario-Bello did not object at trial to any of the District Court's challenged statements or actions, we review for plain error. *See United States v. Botti*, 711 F.3d 299, 308 (2d Cir. 2013) (failure to object to jury instruction); *United States v. Filani*, 74 F.3d 378, 387 (2d Cir. 1996) (failure to object to questioning of witnesses). His failure to object contemporaneously to the court's holding off-the-record conferences, however, forfeits that challenge. *See United States v. Amico*, 486 F.3d 764, 778 (2d Cir. 2007).

On such review, our role "is not to determine whether the trial judge's conduct left something to be desired, or even whether some comments would have been better left unsaid. Rather, we must determine whether the judge's behavior was so prejudicial that it denied [the defendant] a fair, as opposed to a perfect, trial." *United States v. Pisani*, 773 F.2d 397, 402 (2d Cir. 1985). The trial judge "has an active responsibility to insure that issues are clearly presented to the jury," and may fulfill this responsibility by questioning witnesses. *Id.* at 403; Fed. R. Evid. 614(b). At the same time, although this Court "must give the judicial officer presiding at the trial great leeway . . . the presiding judge cannot interrogate so zealously as to give the jury an impression of partisanship or foster the notion that the judge believes one version of an event and not another." *Filani*, 74 F.3d at 386. The actions taken by the District Court that Hilario-Bello characterizes as amounting to a "display of the appearance of judicial bias," Hilario-Bello Br. at 22, were minor and do not amount to reversible plain error.

5

We further discern no plain error in the District Court's instructions to the jury. Hilario-Bello contends that the District Court's instruction to the jury that "defense counsel were 'allowed to try' to attack the credibility of cooperating witnesses," somehow conveyed the court's belief that defense counsel had not succeeded in doing so and that the defense's "cross-examinations were merely standard stratagem[s] in the trial game." Hilario-Bello Br. at 27. This argument misreads the record. The District Court instructed the jury that "defense counsel are allowed to try to attack the credibility" of law enforcement witnesses "on the ground that [their] testimony may be colored by a personal or a professional interest in the outcome of the case." Hilario-Bello App'x at 62. This instruction was not plainly erroneous. The District Court similarly did not commit error, much less plain error, when it instructed the jury not to allow "fear, prejudice, bias, or sympathy interfere with" their deliberations. *Id.* at 49. This is a standard jury instruction. *See* Leonard B. Sand, et al., 1 *Modern Federal Jury Instructions; Criminal* 2-12 (2015).

We further identify no plain error in the District Court's decision to preclude cross-examination of cooperating witnesses regarding their conversations with their counsel about their cooperation agreements. Assuming, without deciding, that the District Court erred by precluding counsel for Hilario-Bello from questioning witnesses about such conversations, any error was harmless. Counsel had the opportunity to cross-examine cooperators about their understanding of their cooperation agreements, thus preserving his opportunity to expose potential bias. *See United States v. Coven*, 662 F.2d 162, 171 (2d Cir. 1981). Absent a contemporaneous objection, this sufficed.

Hilario-Bello next argues that he was prejudiced before the jury by the government's elicitation of testimony from a cooperating witness regarding an uncharged act involving a gun obtained by the witness from Hilario-Bello, and by other testimony regarding "uncharged crimes and bad acts." Hilario-Bello Br. at 37. We review the District Court's evidentiary rulings for abuse of discretion. *United States v. LaFlam*, 369 F.3d 153, 155 (2d Cir. 2004). Federal Rule of Evidence 404(b) provides that "[e]vidence of a crime, wrong, or other act" may be admitted for purposes such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid.

404(b). This Court takes an "inclusionary approach" to Rule 404(b), allowing such evidence to be admitted "for any purpose other than to demonstrate criminal propensity." *LaFlam*, 369 F.3d at 156 (internal quotation marks omitted). The government argues that it introduced the challenged testimony to establish that Hilario-Bello had access to guns. The cooperator's testimony may be allowed for that purpose. *See United States v. Zappola*, 677 F.2d 264, 270 (2d Cir. 1982) ("[T]estimony that [witness] had seen a handgun at [defendant's] house six months before [the crime] . . . was properly admitted as probative of [defendant's] access to such a weapon."). The District Court did not abuse its discretion in so ruling.

Hilario-Bello's remaining challenges to prior "bad acts" testimony concern responses to questions asked by his own attorney. Testimony prompted by one's own attorney does not provide a proper basis for an evidentiary objection. *See United States v. Nersesian*, 824 F.2d 1294, 1308–09 (2d Cir. 1987) (defendants could not complain on appeal regarding effects of testimony elicited by their counsel).

Hilario-Bello further contends that his trial counsel was ineffective. Ineffectiveness claims are rarely suitable for resolution on direct appeal because, unless the issue was raised and adjudicated in the district court, there is rarely an adequate record allowing informed appellate consideration. We therefore decline to address this claim now, and note that Hilario-Bello may pursue such claims on collateral review. *See United States v. Khedr*, 343 F.3d 96, 99–100 (2d Cir. 2003).

### III.    Oscar Minaya

Minaya challenges the District Court's jury instruction regarding aiding and abetting liability under 18 U.S.C. §§ 2, 924(c). In *Rosemond v. United States*, 572 U.S. 65 (2014), issued several months after Minaya's conviction, the Supreme Court clarified that satisfaction of the intent requirement for aiding and abetting liability under section 924(c) requires establishing the defendant's "advance knowledge" that "one of his confederates will carry a gun." *Id.* at 77–78. To support a conviction, the defendant must have this knowledge "at a time [when he] can do something with it—most notably, opt to walk away." *Id.* at 78.

7

Minaya objects to the District Court's instruction to the jury that aiding and abetting liability under section 924(c) can arise from a finding that a defendant "was present at the scene during the commission of the crime of violence" and that the "defendant's conduct at the scene facilitated or promoted the carrying of a gun and thereby aided and abetted the other person's carrying of the firearm." Minaya App'x at 371. According to Minaya, this instruction wrongly allowed the jury to find him liable for aiding and abetting Hobbs Act robbery based only on his conduct at the scene, without any finding of the advance knowledge that *Rosemond* requires. We are not persuaded.

Any difference between the standard articulated in *Rosemond* and the jury instruction given by the District Court, if error, was harmless. The District Court instructed the jury as follows:

> [I]t is not enough to find that the defendants performed an act of [sic] facilitate or encourage the commission of the underlying crime of violence *with only knowledge* that a firearm would be used or carried in the commission of that crime. Instead, you must find that the defendant you are considering performed some act that facilitated or encouraged the actual using, carrying of, or possession of the firearm in relation to the underlying crime.

*Id.* at 370 (emphasis added).

In *Rosemond*, the Supreme Court concluded that liability rests on the defendant's decision "to go ahead with his role in the venture that shows his intent to aid an armed offense," as opposed to withdrawing or attempting to alter the plan when he learns of the presence of a gun. 572 U.S. at 78 (emphasis omitted). Requiring the jury to find not only that the defendant knew a firearm would be used, but that the defendant also "facilitated or encouraged the actual using, carrying of, or possession of the firearm," Minaya App'x at 370, precludes convicting accomplices who "know[] nothing of a gun until it appears at the scene . . . [and who] have no realistic opportunity to quit the crime." *Rosemond*, 572 U.S. at 78. Even if a defendant's actual knowledge of the presence of the gun is first gained at the scene, when a defendant facilitates or encourages the use, carrying, or possession of a gun with such knowledge, the defendant has still formed the advance "intent to aid an armed offense" and "go[ne] ahead with his role in the venture" so as to support liability under *Rosemond*. *Id.*

8

(emphasis omitted). While the language of the District Court's instruction may not have been optimal, the finding of facilitating the actual use, carrying, or possession of a firearm it called for was sufficient to comport with *Rosemond*.

Minaya next challenges the admission into evidence of certain testimony that the District Court ruled qualified under Fed. R. Evid. 801(d)(2)(E) as covered by certain exclusions to the rule against hearsay. When a defendant properly objects at trial, we review a district court's admission of evidence under Rule 801(d)(2)(E) for clear error alone. *United States v. Coppola*, 671 F.3d 220, 246 (2d Cir. 2012).[3] Under Rule 801(d)(2)(E), "a district court may admit an out-of-court declaration that would otherwise be hearsay if it finds by a preponderance of the evidence (a) that there was a conspiracy, (b) that its members included the declarant and the party against whom the statement is offered, and (c) that the statement was made during the course of and in furtherance of the conspiracy." *Id.* (internal quotation marks omitted). Discussion of past events may be treated as made "in furtherance of the conspiracy" if the discussions served "some current purpose," *United States v. Thai*, 29 F.3d 785, 813 (2d Cir. 1994), including the purpose to "provide reassurance, or seek to induce a coconspirator's assistance, or serve to foster trust and cohesiveness, or inform each other as to the progress or status of the conspiracy." *United States v. Desena*, 260 F.3d 150, 158 (2d Cir. 2001) (internal quotation marks omitted).

Minaya objects to the admission of testimony given by various cooperating witnesses recounting their respective conversations with members of the conspiracy about actions earlier undertaken as part of the conspiracy. Minaya Br. at 22–25. But the District Court could have concluded, without error, that the testimony Minaya objects to recounted statements made by members of the conspiracy to inform other members of the conspiracy "as to the progress or status of the conspiracy." *United States v. Maldonado-Rivera*, 922 F.2d 934, 958–59 (2d Cir. 1990).

---

[3] Minaya also challenges the admission of other testimony to which he failed to object below. Minaya Br. at 22. As to the admission of these statements, our review is limited to plain error. *Coppola*, 671 F.3d at 246 n.20. Because Minaya has not demonstrated clear error, much less plain error, we do not detail here which statements were objected to and which were not objected to below. *See id.*

Minaya next argues that, during its summation, the government impermissibly asked the jury to rely on speculation—not evidence of actual drug quantities—in concluding that the charged conspiracy involved 1 kilogram of heroin. The jury's ultimate conclusion about the quantities involved subjected him to a ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(i). Minaya did not object to the government's statement in summation. We therefore review for plain error. *See United States v. Williams*, 690 F.3d 70, 77 (2d Cir. 2012).

The jury completed a special verdict form in which it recorded its findings that the charged conspiracy involved not only 1 kilogram of heroin, but also 5 kilograms of cocaine. Each of these findings independently triggers a ten-year mandatory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(A)(i)–(ii). The portion of the government's summation to which Minaya objects addressed only heroin. Even assuming, without deciding, that the government's argument regarding the 1 kilogram of heroin was improper, Minaya provides no reason to conclude that it would affect the jury's separate finding that he was responsible for 5 kilograms of cocaine. Because this second finding is sufficient on its own to support Minaya's sentence, we identify no plain error affecting Minaya's substantial rights.

The District Court sentenced Minaya to three consecutive 25-year sentences based on its finding that his convictions under Counts 6, 12, and 14—for use of a firearm during the commission of a crime of violence—were second or subsequent convictions to his conviction under Count 3 for violating section 924(c)(1)(A)(ii) for brandishing a firearm during and in relation to the offense conduct in Counts 1 and 2. Minaya argues that, under *Alleyne v. United States*, 570 U.S. 99 (2013), the jury, not the sentencing court, had to make that determination. This Court has held that the mandatory consecutive 25-year term of imprisonment required by section 924(c)(1)(C)(i) for a second or subsequent conviction under section 924(c) applies to multiple section 924(c) convictions adjudged in a single proceeding. *United States v. Robles*, 709 F.3d 98, 100–01 (2d Cir. 2013). That is, under *Robles*, a finding of guilt on multiple section 924(c) counts contained in one indictment can give rise to "stacked" mandatory minimum sentences of 25 years for the second and subsequent section 924(c) convictions.

10

Minaya argues, however, that the Supreme Court's decision in *Alleyne*, issued after we decided *Robles*, undermines *Robles* and requires us to hold that a jury must determine whether, in any individual proceeding, a section 924(c) conviction is second or subsequent. In *Alleyne*, the Court held that "facts that increase mandatory minimum sentences must be submitted to the jury." 570 U.S. at 116. *Alleyne* complements the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that facts that increase a defendant's maximum potential punishment constitute elements of the offense and must be determined by a jury. *See* 570 U.S. at 107–08.

 Notably, *Apprendi* expressly excluded the fact of a prior conviction from its catalogue of those elements that must be found by a jury to enhance the defendant's sentencing exposure. 530 U.S. at 490 ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)). And in *Alleyne*, the Court explicitly declined to revisit this exception. 570 U.S. at 111 n.1 ("[W]e recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today.").

Minaya urges nonetheless that his sentence falls outside the *Alleyne* and *Apprendi* exception for prior convictions because the finding of a second or subsequent offense based on a *concurrent* conviction resulting from a *single* indictment—thus a conviction that is essentially concurrent to the first offense—is not in his view a "prior" conviction for purposes of section 924(c). Our ruling in *Robles* is to the contrary, however, and we are not persuaded that *Alleyne* abrogated our holding in *Robles*. The imposition of a sentence on a second or subsequent conviction based on multiple section 924(c) convictions stemming from a single indictment does not risk violating the Sixth Amendment jury right that was the focus of *Apprendi* and *Alleyne*; the jury has already concluded beyond a reasonable doubt that the defendant committed each section 924(c) violation.

Minaya next contends that, by its length, his sentence violates the Eighth Amendment's proscription of cruel and unusual punishment. His challenge is answered by our precedent establishing that "[l]engthy prison sentences . . . do not violate the Eighth

Amendment's prohibition . . . when based on a proper application of the Sentencing Guidelines or statutorily mandated consecutive terms." *United States v. Yousef*, 327 F.3d 56, 163 (2d Cir. 2003). Minaya's sentence of 92 years' imprisonment was the minimum sentence mandated by his multiple convictions. Accordingly, although it is very lengthy, we cannot conclude in these circumstances that it violates the Eighth Amendment.

Finally, after argument, Minaya's counsel submitted a letter to the Court arguing that recent case law called into question whether a Hobbs Act violation constitutes a "crime of violence" for purposes of 18 U.S.C. § 924(c)(3).[4] *See United States v. Rodriguez*, No. 14-882, Doc. 401 (filed Feb. 11, 2016). On the parties' consent, we held the appeal in abeyance pending this Court's decisions in *United States v. Hill*, No. 14-3872, and *United States v. Barrett*, No. 14-2641. In those appeals, respectively, the defendants argued that Hobbs Act robbery and conspiracy to commit Hobbs Act robbery do not qualify as "crimes of violence" for purposes of section 924(c)(3) in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (invalidating the so-called residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague).

On May 9, 2018, this Court resolved the question presented in *Hill*, holding that "Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A)." *United States v. Hill*, 890 F.3d 51, 53 (2d Cir. 2018). And, on September 10, 2018, the Court decided *Barrett*, holding that a Hobbs Act robbery conspiracy is also categorically a crime of violence under section 924(c)(3) because "the agreement element of conspiracy so heightens the likelihood that the violent objective will be achieved that the conspiracy itself can be held categorically to present a substantial risk of physical force." *United States v. Barrett*, 903 F.3d 166, 177 (2d Cir. 2018). These decisions require us to reject Minaya's argument that his convictions under section 924(c) should be vacated in light of *Johnson*.

---

[4] Rodriguez and Hilario-Bello, who were also convicted under 18 U.S.C. § 924(c), joined in the request made by Minaya's counsel, and our analysis of *Hill* and *Barrett* applies equally to their convictions.

\* \* \*

We have considered Defendants-Appellants' remaining arguments and conclude that they are without merit. Accordingly, the judgments of the District Court are hereby **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court
